Courtney Angeli, OSB No. 941765
E-mail: courtney@baaslaw.com
Matthew Scherer, OSB No. 152887
E-mail: matt@baaslaw.com
BUCHANAN, ANGELI, ALTSCHUL
& SULLIVAN LLP
321 SW Fourth Avenue, Suite 600
Portland, OR 97204
Telephone:  503.974.5015
Facsimile:  971.230.0337
        Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **GREG ROBILLARD**, | Civil No.  3:16-cv-00780 |
| Plaintiff, | |
| | **COMPLAINT** |
| v. | |
| | (Failure to Pay Overtime Wages in Violation of 29 U.S.C. § 207, ORS 653.055 and 653.261; Breach of Contract; Failure to Pay Final Wages upon Termination in Violation of ORS 652.140; Age Discrimination in Violation of  ORS 659A.030) |
| **OPAL LABS, INC**, an Oregon corporation, | |
| Defendant. | |
| | DEMAND FOR JURY TRIAL |

## INTRODUCTION

1.      This is an action for declaratory, injunctive and monetary relief, including

punitive damages and attorney's fees and costs, to redress unlawful employment practices to

which defendant subjected plaintiff Greg Robillard, in violation of his statutory rights.

**PARTIES**

2.      Plaintiff Greg Robillard is currently a resident of Portland, Oregon.  During the relevant period, he was an employee of Opal Labs, Inc. ("Opal").

3.      Defendant Opal is an Oregon corporation with headquarters located in Portland, Oregon.  At all material times, Opal employed at least 30 employees at its Portland location.

**JURISDICTION AND VENUE**

4.      This court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367 (supplemental jurisdiction). Both the federal and state claims alleged herein arose from a common nucleus of operative facts.  The state actions are so related to the federal claims that they form part of the same case or controversy and the actions would ordinarily be expected to be tried in one judicial proceeding.

**FACTUAL ALLEGATIONS**

5.      Plaintiff is a 43 year-old male.  At all relevant times, plaintiff was at least 40 years of age.

6.      From November 10, 2014 until May 29, 2015, Opal Labs employed plaintiff in the engineering department of its Portland office.  Despite being given the title of "lead enterprise engineer," plaintiff's duties were varied and often did not include engineering tasks.  Plaintiff has no engineering degree.  His duties included sales and customer service support, some coding and programming, providing routine technical support such as adding users and managing licenses for Opal customers, technical integrations (which included integrating Opal's software with customers' existing marketing software), trouble shooting, and making Opal's software available as a new product offering.

7.      In his duties, plaintiff reported primarily to Vice-President of Product David Gorman, but unbeknownst to him Opal had designated Dave Barrett as his supervisor. Plaintiff believed that Barrett was a peer co-worker, and was never advised otherwise.

8.      Plaintiff's salary at the time of termination was approximately $1,730.77 per week, or approximately $90,000 per year.

9.      Plaintiff was not subject to any exemption from the wage and overtime requirements of Oregon or federal law.  Although Opal paid plaintiff on a salary basis, his job duties did not routinely require him to exercise discretion or independent judgment with respect to matters of significance.

10.      Opal did not have any procedures in place to track or record plaintiff's work hours.

11.      As of plaintiff's last work day, he had worked approximately 540 hours of overtime.  Defendant did not pay plaintiff the overtime it owed him when it was due.

12.      At the time he was hired, plaintiff was 42 years old.  He was at least 10 years older than every other employee in the engineering department and was the only employee in his department over the age of 40.  Plaintiff is 12 years older than Mr. Gorman and approximately 10 years older than Mr. Barrett.  Because plaintiff looks younger than his actual age, Mr. Gorman was not aware of plaintiff's true age at the time plaintiff began working at Opal.  Mr. Gorman learned of plaintiff's age when plaintiff sent the Company's product team an invitation to his 42nd birthday party in December 2014.

13.      Once plaintiff's age was discovered, he began receiving noticeably different treatment than his younger co-workers and his age became the focal point of commentary by his coworkers.  As people became aware that plaintiff was over 40, attitudes toward him became negative and more critical.

14.     Shortly after plaintiff's birthday party, George Huff, Opal Labs' Chief Executive Officer, started joking repeatedly about plaintiff's use of Facebook, loudly announcing that Facebook was for "older people." Many of plaintiff's co-workers called him "old Greg," which he later learned was a reference to a derogatory YouTube video.

15.     When plaintiff offered advice on how to solve technical issues, Mr. Barrett repeatedly responded, "thanks, Dad"—highlighting the difference in plaintiff's age in relation to other employees and reinforcing the perception that plaintiff was from a different generation.

16.     Mr. Gorman repeatedly complained within plaintiff's earshot that "only older people used the word 'monitor' to describe a computer screen"—knowing full well that plaintiff regularly used the term "monitor" rather than "display," the term most often used by younger employees.

17.     Opal Labs management and employees often posted derogatory age-based remarks in the Company's Slack messaging system.

18.     During a team lunch on May 26, 2015, one of plaintiff's co-workers asked Mr. Gorman about a recent applicant that Opal had decided not to hire. Mr. Gorman dismissively described the applicant as "some old guy in his 40s."

19.     Three days later, on May 29, 2015, Mr. Gorman and Opal's Vice President and General Counsel, Robert Scott, summoned plaintiff to a meeting and informed him that he was being terminated.

20.     During the meeting, Mr. Gorman and Mr. Scott provided shifting explanations regarding the reason that they were terminating Plaintiff. Plaintiff has since discovered that Opal documented in his personnel file alleged performance management that never occurred.

21.    The justifications provided for plaintiff's termination during the meeting were pretextual; in reality, Opal terminated plaintiff because of his age.

22.    Opal had begun looking for a new, younger employee to replace plaintiff several weeks before the meeting where Opal fired plaintiff.

23.    Opal did not eliminate plaintiff's position, but instead replaced him with a substantially less experienced employee who is at least 10 years younger than plaintiff.

### FIRST CLAIM FOR RELIEF
### Failure to Pay Overtime Wages – 29 U.S.C. § 207

24.    Plaintiff incorporates by reference the allegations in paragraphs 1 to 23 as if fully set forth herein.

25.    Plaintiff is entitled to the rights, protections and benefits afforded by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et. seq.

26.    Plaintiff's work duties did not meet the requirements for exemption from overtime as specified in 29 U.S.C. § 213.

27.    Opal failed to pay plaintiff all compensation due to him during his employment by refusing to pay him properly for hours worked in excess of forty in a workweek, in violation of 29 U.S.C. § 207 and 29 CFR § 778.107.

28.    Opal's violation of the overtime provisions of the FLSA was willful.

29.    Plaintiff worked approximately 540 hours of overtime over his employment with Opal.  He is entitled to compensation for each of those hours calculated at half of his average applicable hourly rate pursuant to 29 CFR §§ 778.117-778.118, in the approximate amount of $35,051.40.

30.    Opal has not acted in good faith or with reasonable grounds to believe that its actions were not a violation of the FLSA.  Consequently, plaintiff is entitled to a liquidated

damages penalty in an amount equal to his unpaid wages under 29 U.S.C § 216(b), or
$35,051.40.

31.    Plaintiff is entitled to prejudgment interest from the date plaintiff's wages
became due and owing.

32.    Plaintiff has hired legal counsel to prosecute his claims and is entitled to
payment of his reasonable attorney's fees, expert witness fees, and costs incurred pursuant to
29 U.S.C § 216.

**SECOND CLAIM FOR RELIEF**
**Unpaid Overtime Wages - ORS 653.055, ORS 653.261**

33.    Plaintiff incorporates by reference the allegations in paragraphs 1 to 32 as if
fully set forth herein.

34.    Plaintiff was at all times a non-exempt employee of Opal.  None of the
exemptions in ORS 653.020 applied to him.

35.    Opal failed to compensate plaintiff properly for hours he worked in excess of
forty in a week as required by ORS 653.055, ORS 653.261, and OAR 839-020-0030.

36.    Opal also failed to track and maintain records of all of the actual compensable
hours of work performed by plaintiff in each day and each seven-day workweek as required
by OAR 839-020-0080 or to provide itemized pay stubs showing actual hours worked and
hourly and overtime rates of pay as required by ORS 652.610; ORS 653.045; OAR 839-020-
0012; OAR 839-020-1010(1)(b), (e), (f), and (g).

37.    Plaintiff worked approximately 540 hours in overtime over the course of his
employment with Opal.  However, Opal failed to pay him any overtime compensation.

38.     Plaintiff is entitled to an overtime premium for the hours he worked in excess of forty each workweek, amounting to total overtime pay due and owing of approximately $35,051.40.

39.     Plaintiff is entitled to $10,384.80 ($43.27 per hour x 8 hours x 30 days) in penalty wages for failing to properly pay overtime compensation pursuant to ORS 653.055(1)(b) and ORS 652.150.

40.     Opal's actions were willful in failing to pay plaintiff for overtime for hours worked in excess of 40 in a week.

41.     Plaintiff is entitled to a statutorily-required payment for the full amount of wages he is owed, including reasonable attorneys' fees, expert fees, costs and disbursements incurred pursuant to ORS 652.200.

### THIRD CLAIM FOR RELIEF
### Breach of Contract

42.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 41.

43.     Plaintiff and Opal had an enforceable contract in which Opal promised to give plaintiff three weeks of paid time off (PTO) during each year.

44.     The offer letter and written policies that formed the basis for Opal's promise to provide plaintiff with PTO did not contain any language suggesting that plaintiff would forfeit unused PTO time upon his separation from Opal.

45.     Opal owes plaintiff $5,192.31 for the three weeks of unused PTO that plaintiff had accumulated at the time Opal terminated him.

46.     Opal breached its agreement with plaintiff by failing to compensate plaintiff for his unused PTO time, and plaintiff is entitled to recover damages he sustained due to Opal's breach.

## FOURTH CLAIM FOR RELIEF
### Failure to Pay Final Wages upon Termination - ORS 652.140

47.    Plaintiff incorporates by reference the allegations in paragraphs 1 to 46 as if fully set forth herein.

48.    Opal failed to pay plaintiff all compensation he was due upon the termination of his employment by failing to pay his overtime compensation and unused PTO wages.

49.    Due to the lack of proper payment of overtime and/or vacation pay, Opal failed to pay plaintiff all wages earned by the end of the first business day following the date Opal terminated his employment, in violation of ORS 652.140.

50.    Pursuant to ORS 652.150, plaintiff is entitled to all compensation due plus a penalty in the amount of 30 days' wages for each category of unpaid wages at the time of his termination.

51.    Plaintiff's hourly rate for purposes of the final pay penalty calculation is $43.27.  The penalty due pursuant to ORS 652.150 is thus $10,384.80 for his unpaid overtime and $10,384.80 for his unpaid PTO wages, for a total of $20,769.60.

52.    Plaintiff is entitled to prejudgment interest from the date each item of unpaid compensation became due and owing.

53.    Plaintiff is entitled to reasonable attorneys' fees, expert fees, costs, and disbursements incurred pursuant to ORS 652.200.

## FIFTH CLAIM FOR RELIEF
### Age Discrimination - ORS 659A.030

54.    Plaintiff incorporates by reference the allegations of paragraphs 1 to 53.

55.    Defendant discriminated against plaintiff by terminating plaintiff's employment because of plaintiff's age and by replacing plaintiff with a younger employee.

56.     Defendant Opal is plaintiff's "employer" as that term is defined in ORS 659A.001(4)(a) and OAR 839-006-0205(2).

57.     Defendant's actions were intentional and constituted unlawful discrimination in violation of ORS 659A.030.

58.     Plaintiff is entitled to a declaration that the Opal violated his statutory right to be free of discrimination based on age.

59.     Plaintiff is entitled to all appropriate injunctive relief.

60.     As a direct and proximate result of the Opal's actions as alleged herein, plaintiff has suffered and will continue to suffer lost income and benefits and to incur out-of-pocket expenses, in an amount to be proven at trial, plus interest thereon at the statutory rate of nine percent per annum.

61.     Plaintiff is entitled to a separate award to offset the tax penalties associated with incurring lost wage payments in a lump sum amount or for receiving unpaid compensation in one tax year.

62.     As a direct and proximate result of Opal's actions as alleged herein, plaintiff has suffered noneconomic harm in the form of emotional and mental distress, degradation, embarrassment and humiliation, for which plaintiff seeks compensation in an amount to be determined at trial.

63.     Opal's conduct was intentional and in reckless disregard for plaintiff's statutory rights.  Such conduct exceeds the bounds of social toleration and is of the type that punitive damages deter.  Plaintiff reserves the right, upon motion, to amend this Complaint to seek punitive damages in an amount to be determined at trial.

64.     Plaintiff has hired legal counsel to prosecute his claims and is entitled to his reasonable attorney's fees and costs incurred, including expert witness fees, pursuant to

ORS 659A.885 and ORS 20.107.

65.     Plaintiff has filed a claim of age discrimination in violation of the Age Discrimination Employment Act ("ADEA") in with the Equal Employment Opportunity Commission and intents to amend his Complaint to add a claim under the ADEA upon dismissal of the Charge.

WHEREFORE, plaintiff prays for judgment against defendant as follows:

1.     On plaintiff's First Claim for Relief:

      a.     An award of unpaid overtime wages due and owing;

      b.     Liquidated damages penalty in the amount equal to his unpaid wages;

      c.     An award of compensation to offset the tax penalties associated with incurring wage payments in one lump sum and/or for receiving lost wages in one tax year;

      d.     Prejudgment interest; and

      e.     Plaintiff's attorneys' fees, expert fees, costs and disbursements incurred herein;

2.     On plaintiff's Second Claim for Relief:

      a.     An award of unpaid overtime wages due and owing;

      b.     An award of penalty wages equal to 30 days' wages;

      c.     An award of prejudgment interest at nine percent per annum on the amount of the wages and penalty wages from the date each became due and owing;

      d.     Prejudgment interest; and

      e.     Plaintiff's attorneys' fees, expert fees, costs and disbursements incurred herein.

3.      On plaintiff's Third Claim for Relief:

      a.      A declaration that defendant breached its contract with plaintiff;

      b.      An award of $5,192.31 in unpaid wages for plaintiff's unused PTO time;

      c.      Prejudgment interest at nine percent per annum on all the amount of the unpaid wages from the date they were due and owing; and

      d.      Any further or alternative relief in favor of plaintiff that the court deems appropriate.

4.      On plaintiff's Fourth Claim for Relief:

      a.      A penalty award equal to 30 days' wages for each item of unpaid wages;

      b.      An award of prejudgment interest at nine percent per annum on the amount of the penalty wages from the date penalty wages became due and owing; and

      c.      Plaintiff's attorneys' fees, expert fees, costs and disbursements incurred herein.

5.      On plaintiff's Fifth Claim for Relief:

      a.      A declaration that defendant violated plaintiff's statutorily protected right to be free of discrimination based on his age;

      b.      All appropriate injunctive relief, including but not limited to reinstatement;

      c.      An award of economic damages for past and future lost wages and benefits and out-of-pocket expenses, plus prejudgment interest at nine percent per annum;

d.      An award of compensation to offset the tax penalties associated with

incurring lost wage payments in a lump sum amount or for receiving

unpaid compensation in one tax year;

e.      An award of noneconomic damages in an amount to be determined at

trial;

f.      Punitive damages upon motion; and

g.      Plaintiff's attorneys' fees, expert fees, costs and disbursements

incurred herein.

6.      Any further or alternative relief in favor of plaintiff that the Court deems

appropriate; and

7.      Plaintiff demands a jury trial.

DATE:  May 5, 2016                    BUCHANAN ANGELI ALTSCHUL
                                       & SULLIVAN LLP

                                       s/ Courtney Angeli
                                       _____
                                       Courtney Angeli, OSB No. 941765
                                       E-mail: courtney@baaslaw.com
                                       Matthew Scherer, OSB No. 152887
                                       E-mail: matt@baaslaw.com
                                       Telephone: (503) 974-5015

                                       *Attorneys for Plaintiff*